UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN GOODRICH, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:12-cv-388-JAW |
| | ) | |
| MICHAEL L. SHEEHAN, ESQ., et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

On May 27, 2014, the defendants filed a motion for sanctions on the basis that, while the plaintiff had designated two experts, Leonard N. DiCicco, Jr., C.P.A, and Lawrence Litwak, Esq., by his deadline of May 9, 2014, for doing so, he had failed to disclose any opinion that those experts were prepared to offer or the bases therefor, in violation of Federal Rule of Civil Procedure 26(a)(2) and the court's scheduling order. *See* Defendant's Motion for Sanctions ("Motion") (ECF No. 81) at 5-9. They sought sanctions in the form of the preclusion of the experts' testimony at trial, an award of judgment in their favor on the merits given the absence of expert testimony in this professional negligence case, and/or dismissal of this action with prejudice. *See id.* at 1.

On June 3, 2014, the plaintiff filed an opposition to that motion, to which he appended supplemental expert disclosures. *See* Plaintiff Stephen Goodrich's Opposition to Defendants' Motion for Sanctions ("Opposition") (ECF No. 85) & Exhs. G (ECF No. 85-7) & H (ECF No. 85-8) thereto. I held a teleconference on June 5, 2014, during which, after hearing oral argument on the Motion, I granted it with respect to the May 9, 2014, expert disclosures, ruling them inadequate but exercising discretion to impose a lesser sanction in the form of the grant of permission for the defendants to file an application, supported by billing records, for an award of their reasonable

1

costs and attorney fees incurred in filing the Motion; I reserved ruling with respect to the June 3, 2014, supplemental expert disclosures, setting a deadline of June 19, 2014, for the plaintiff to further supplement his disclosures with respect to one or both witnesses, at which time I would rule on whether the disclosures, as further supplemented, complied with the requirements of Rule 26(a)(2). *See* Report of Hearing and Order re: Motion for Sanctions, Motion To Amend Scheduling Order, Discovery Dispute ("Report") (ECF No. 87) at 3.[1] By email to the court's Joint ECF Inbox dated June 19, 2014, the plaintiff filed additional supplemental expert disclosures with respect to both DiCicco and Litwak. For the reasons that follow, I now deny the Motion with respect to those disclosures.

In this action, the plaintiff complains that he incurred "a significant double income tax liability" and other adverse financial consequences as a result of the defendants' negligent advice in connection with the conversion of an entity of which he was majority owner, PowerPay, LLC ("PowerPay"), to a "C" corporation to facilitate PowerPay's acquisition of E-onlinedata, Inc. ("E-onlinedata"). *See* First Amended Complaint and Jury Demand (ECF No. 4) ¶¶ 1-5, 9-25. Whereas, in his deficient May 9, 2014, disclosures, the plaintiff described no specific opinion of either DiCicco or Litwak regarding the defendants' advice, *see* Exhs. E (ECF No. 85-5) and F (ECF No. 85-6) to Opposition, his June 19, 2014, supplemental disclosures set forth specific opinions and detail the bases therefor.

For example, DiCicco states that he expects to testify, *inter alia*, that (i) the defendants failed to consider the plaintiff's anticipated exit strategy and sale of PowerPay to EVO Merchant Services, LLC ("EVO"), (ii) PowerPay could have remained a limited liability company at the

---

[1] I noted that counsel for the plaintiff had represented that the defendants had recently produced a large volume of documents that the plaintiff's attorneys had been unable to review and provide to DiCicco and Litwak prior to May 9, 2014, or even as of the time of the teleconference on June 5, 2014. *See* Report at 2-3 & n.2.

time it acquired E-onlinedata, and (iii) the defendants' failure to consider and advise the plaintiff concerning the long-term consequences of PowerPay's conversion to a "C" corporation and the strategies available to mitigate against them left the plaintiff with an incomplete understanding of the available options and an inadequate foundation upon which to decide to convert PowerPay to a "C" corporation. *See* June 19, 2014, DiCicco Disclosure at 2. He describes the principles of corporate taxation and the alternative acquisition strategies that underpin these opinions. *See id*. at 2-7.

Litwak states that he expects to testify, *inter alia*, that (i) defendant Sheehan failed to adequately explain to the plaintiff the negative tax consequences upon the future sale of PowerPay as a "C" corporation unless a strategic purchaser were to be located (*e.g*., a public company), (ii) a reasonable tax attorney would have walked through the different approaches with the plaintiff, highlighting the positive and negative implications of each alternative approach, and (iii) the defendants were passive in accepting the proposed conversion of PowerPay to a "C" corporation in order to effectuate the acquisition of E-onlinedata. *See* June 19, 2014, Litwak Disclosure at 3, 5-6. Litwak, as well, details the bases for his conclusions, including his review of the Maine Rules of Professional Conduct, a Treasury circular detailing best practices for tax advisors, and documentation and email correspondence pertaining to the decision to convert PowerPay to a "C" corporation. *See id*. at 2-5.

This suffices to satisfy the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B), including the provision of "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B); *see also* Scheduling Order (ECF No. 10) at 2.

For the foregoing reasons, the Motion is denied as to the plaintiff's June 3, 2014, supplemental expert disclosures, as further supplemented on June 19, 2014,  Although I now deny the Motion in part, the sanction that I previously imposed in connection with my earlier partial grant of the Motion shall now extend to *all* reasonable attorney fees and costs incurred with respect to the Motion.  Had the plaintiff provided adequate expert designations by May 9, 2014, this entire motion practice would have been avoided.  The defendants may file an application, supported by billing records, for an award of their reasonable costs and attorney fees incurred in filing and prosecuting the Motion.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 8th day of August, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge