UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEPHEN GOODRICH, et al., )
)
      Plaintiffs, )
)
   v. ) 2:12-cv-00388-JAW
)
MICHAEL L. SHEEHAN, ESQ., )
et al., )
)
      Defendants. )

**ORDER OVERRULING OBJECTIONS TO
ORDER ON MOTION FOR SANCTIONS**

The Court affirms the Magistrate Judge's award of the Defendants' attorney's fees and costs related to the Plaintiff's failure to properly and timely designate his expert witnesses.

**I.    BACKGROUND**

On December 12, 2012, Stephen Goodrich filed suit against Michael L. Sheehan and Preti Flaherty Beliveau & Pachios Chartered, LLP (Preti), alleging that Attorney Sheehan and his law firm, Preti, were negligent in their legal representation when Mr. Goodrich used their legal services to convert his limited liability company, PowerPay, LLC, to a "C" corporation. *Compl.* (ECF No. 1).

On January 9, 2014, in response to a joint motion, Magistrate Judge Rich amended the scheduling order and, among other things, set March 31, 2014 as the deadline for the Plaintiff's expert designation. *Order* (ECF No. 57). On March 26, 2014, the Plaintiff moved to extend the time for his expert disclosures and, over

objection, the Magistrate Judge granted a further motion to extend the expert disclosure deadline to May 9, 2014. *Pl. Stephen Goodrich's Mot. to Enlarge the Time to Designate Expert Witnesses* (ECF No. 65); *Defs.' Objection to Pl. Stephen Goodrich's Mot. to Enlarge Time to Designate Expert Witness* (ECF No. 66); *Pl. Stephen Goodrich's Reply Mem. in Support of His Mot. to Enlarge the Time to Designate Expert Witness* (ECF No. 67); *Report of Hr'g and Order Re: Pl.'s Mot. to Enlarge Deadline* (ECF No. 70).

On May 27, 2014, the Defendants moved for sanctions based on the asserted failure of the Plaintiff to make the required expert disclosures. *Defs.' Mot. for Sanctions* (ECF No. 81). Following the Defendants' motion, on May 30, 3014, the Plaintiff moved to amend the scheduling order to extend the deadline for filing supplemental expert disclosures until July 15, 2014. *Pl. Stephen Goodrich's Mot. to Am. Scheduling Order* (ECF No. 83). On June 3, 2014, the Defendants objected to the motion to amend scheduling order. *Defs.' Objection to Pl.'s Mot. to Amend the Scheduling Order* (ECF No. 84). On the same day, the Plaintiff objected to the Defendants' motion for sanctions and appended supplemental expert disclosures to his objection. *Pl. Stephen Goodrich's Opp'n to Defs.' Mot. for Sanctions* (ECF No. 85).

On June 6, 2014, the Magistrate Judge issued an order, resolving both motions. *Report of Hr'g and Order Re: Mot. for Sanctions, Mot. to Am. Scheduling Order, Disc. Dispute* (ECF No. 87) (*First Sanctions Order*). The Magistrate Judge in part granted the Defendants' motion for sanctions, specifically with respect to the Plaintiff's May 9, 2010 expert disclosures, but he reserved ruling with respect to the Plaintiff's June

3, 2014 supplemental expert disclosures. *Id.* at 3. Having reviewed the parties' briefs and having heard oral argument, the Magistrate Judge concluded that "the May 9 disclosures were inadequate despite several deadline extensions and that, rather than seeking a further deadline extension on or prior to May 9, the plaintiff had chosen to file inadequate disclosures, necessitating the defendants' filing of their motion for sanctions." *Id.* at 3. The Magistrate Judge did not impose the sanction of witness exclusion under Federal Rule of Civil Procedure 37(c)(1), and instead granted the Defendants leave to seek from Plaintiff "by way of application to the court[,] supported by billing records, their reasonable costs and attorney fees incurred in filing the motion for sanctions." *Id.*

In his June 6, 2014 Order, the Magistrate Judge noted that the June 3, 2014 supplemental disclosures contained more detail than the May 9, 2014 disclosures; yet, he observed that because the Defendants had recently produced a "volume of documents" to the Plaintiff, he was affording the Plaintiff "one final opportunity to supplement those disclosures." *Id.* The Magistrate Judge therefore reserved ruling on the June 3, 2014 supplemental disclosures and he set another deadline of June 19, 2014 to allow the Plaintiff to further supplement the disclosures "should he choose to do so." *Id.* He warned the Plaintiff that after June 19, 2014, he would rule on the adequacy of the expert disclosures and might be "constrained to consider striking those witnesses." *Id.* According to the Magistrate Judge's August 8, 2014 Order, the Plaintiff filed additional supplemental expert disclosures on June 19, 2014. *Order on Defs.' Mot. for Sanctions* at 2 (ECF No. 97) (*Second Sanctions Order*).

3

In his August 8, 2014 Order, the Magistrate Judge found that the Plaintiff's supplemental disclosures of June 19, 2014 "set forth specific opinions and detail the bases therefor" and that they satisfied "the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B)." *Id.* at 2, 3. The Magistrate Judge denied the Defendants' motion for sanctions as regards the June 3, 2014 and June 19, 2014 supplemental disclosures. *Id.* at 4. However, the Magistrate Judge imposed a sanction against the Plaintiff because "[h]ad the plaintiff provided adequate expert designations by May 9, 2014, this entire motion practice would have been avoided." *Id.*

## II. THE PARTIES' POSITIONS

### A. The Plaintiff's Objection

On August 21, 2014, Mr. Goodrich objected to the attorney's fees award in the Magistrate Judge's August 8, 2014 Order. *Pl. Stephen Goodrich's Objection to Order on Defs.' Mot. for Sanctions Awarding Defs.' Their Att'ys' Fees* (ECF No. 101) (*Pl.'s Objection*). Mr. Goodrich complains that the order awarding "all fees" is "excessive and unfair" to the Plaintiff. *Id.* at 1. He lists three reasons: (1) the Defendants' "long-delayed release" of records caused the Plaintiff to be unable to comply with the expert disclosure requirements; (2) the Plaintiff identified his expert witnesses "as far as practicable under the circumstances" and sought extensions of the disclosure deadline; and, (3) the Plaintiff's June 3, 2014 and June 19, 2014 disclosures "satisfied Rule 26(b)(2)(B)." *Id.* at 1-2. Boiled down, Mr. Goodrich's argument is that he did all he could do to comply with the Court's scheduling orders only to be frustrated by the

4

Defendants' discovery foot-dragging. *Id*. at 7. Mr. Goodrich proclaims that he acted with "the utmost good faith" and there is not "any conceivable" detriment to the Defendants' ability to prepare their own case. *Id*. He points out that the Defendants failed to comply with the letter of Rule 26(a)(2)(B) and have tried to leave themselves wiggle room in their own expert disclosures. *Id*. at 9.

B.   **The Defendants' Response**

The Defendants are unmoved. *Defs.' Resp. to Pl.'s Objection to Order on Defs.' Mot. for Sanctions* (ECF No. 105) (*Defs.' Resp.*). They first maintain that the Plaintiff is too late. *Id*. at 2-3. Although they concede that Mr. Goodrich's objection is "ostensibly to the August 8, 2014 Order," they argue that it is really to the June 6, 2014 Order in which the Magistrate Judge ruled that the Defendants were entitled to their attorney's fees as a sanction for the Plaintiff's miscues. *Id*. The Defendants urge the Court to conclude that it is too late for the Plaintiff to object to the June 6, 2014 Order. *Id*. at 3-4.

Turning to the merits of the objection, the Defendants observe that the standard by which a district judge reviews a non-dispositive order of a magistrate judge is whether the order is "clearly erroneous or contrary to law." *Id*. at 4 (quoting 28 U.S.C. § 636(b)(1)(A)). They say that Mr. Goodrich has not contested the Magistrate Judge's finding that his initial expert disclosures were inadequate. *Id*. Instead, they maintain that Mr. Goodrich is claiming the inadequacy was substantially justified by the Defendants' control of and refusal to hand over documents critical to the experts' ability to formulate their opinions. *Id*. In response,

5

the Defendants mince no words; they say "[t]he argument and its central premise are both false." *Id.* The Defendants contend that as the owner of the business that was supposedly affected by their legal advice, Mr. Goodrich had "more than enough documents to permit an expert witness to form and express an opinion within the deadline." *Id.* The Defendants dismiss Mr. Goodrich's complaints about the breadth of the documents that were produced, saying that the breadth of the production was directly related to the breadth of the request. *Id.* at 7.

### III. DISCUSSION

#### A. Legal Standard

The standard by which a district court reviews a non-dispositive order of a magistrate judge is found in 28 U.S.C. § 636(b)(1)(A): "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate [judge's] order is clearly erroneous or contrary to law." Thus, "when a magistrate judge decides a non-dispositive motion, the district judge may, given a timely appeal, set aside the order if it 'is clearly erroneous or is contrary to law.'" *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (quoting FED. R. CIV. P. 72(a)). A district judge reviews a magistrate judge's factual findings "under the 'clearly erroneous' rubric." *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 6 (1st Cir. 2005). "When . . . review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare*, 597 F.3d at 15.

6

The First Circuit has also addressed the standards by which a magistrate judge's discovery sanction is to be evaluated. "As for the magistrate judge's decision itself, 'we have long recognized that the decision as to whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the trial court. As such, review of . . . discovery sanctions is only for abuse of discretion.'" *Sheppard*, 428 F.3d at 6 (quoting *United States v. Soto-Beniquez*, 356 F.3d 1, 30 (1st Cir. 2003)). "An abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Id.*

Finally, the Magistrate Judge made it clear in his June 6, 2014 Order that the source of authority for the imposition of an attorney's fee sanction was Rule 37(c)(1)(A). *First Sanctions Order* at 3 (citing FED. R. CIV. P. 37(c)(1)(A)).

### B.  An Uncertain Request for Relief

In providing the backdrop leading up to the Magistrate Judge's August 8, 2014 Order, it sometimes seems as if Mr. Goodrich is asking the Court to review the Magistrate Judge's June 6, 2014 Order and at other times it seems that he is asking the Court to review only the August 8, 2014 Order. Despite this ambiguity, the Court concludes that the nub of Mr. Goodrich's objection is that in his August 8, 2014 Order, the Magistrate Judge ordered him to pay "*all* reasonable attorney fees and costs," namely, the attorney's fees and costs associated not only with the part of the motion he lost, but also the part he won. *Second Sanctions Order* at 4.

7

To the extent this view of Mr. Goodrich's more expansive requested relief is correct, it may be that Mr. Goodrich's complaints about the June 6, 2014 Order may not be raised because they are untimely. Rule 72(a) requires that a party objecting to a non-dispositive order of a magistrate judge must object within 14 days of the order. FED. R. CIV. P. 72(a). Mr. Goodrich failed to make a timely objection to that order. The Magistrate Judge's June 6, 2014 Order expressly "**_GRANTED_** the defendant's leave to seek, from the plaintiff by way of an application to the court supported by billing records, their reasonable costs and attorney fees incurred in filing the motion for sanctions." *First Sanctions Order* at 3. This Order would appear to trigger the 14-day objection period under Rule 72(a). Nevertheless, rather than hold Mr. Goodrich to a waiver, the Court will assume that he is challenging both the first and second orders on the assumption that the second order completed the first for purposes of the objection period.

### C. Factual Findings

Mr. Goodrich has presented no basis for disturbing the Magistrate Judge's factual findings in this case. Mr. Goodrich made his arguments about his asserted inability to comply with the expert witness disclosure obligations; the Magistrate Judge considered the underlying facts and found against him. The Court concludes that the Magistrate Judge's factual findings were not clearly erroneous and expressly affirms those findings in both orders.

### D. Legal Conclusion

Having concluded that Mr. Goodrich failed to make a timely and complete disclosure of his experts' opinions, the Magistrate Judge did not err in imposing an attorney's fee sanction against Mr. Goodrich for defense counsels' work leading up to the June 6, 2014 Order. Indeed, the Magistrate Judge could have ordered the requested sanction of witness preclusion but chose the more lenient sanction of attorney's fees and costs. *Genereux v. Raytheon Co.*, 754 F.3d 51, 59 (1st Cir. 2014) ("When a party flouts such a deadline, one customary remedy is preclusion."). At the same time, the Magistrate Judge acted well within his authority by imposing the lesser sanction. *Garcia-Perez v. Hosp. Metropolitano*, 597 F.3d 6 (1st Cir. 2010); *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 78 (1st Cir. 2009) ("[T]he district court was undoubtedly entitled to impose some type of sanction on [plaintiff]. [Plaintiff] failed to comply with a court-imposed deadline that he himself suggested, and could not offer a legitimate justification for his noncompliance.").

The part of the August 8, 2014 Order that bears discussion is that which requires the Plaintiff to pay the attorney's fees and costs for the portion of a motion the Plaintiff won. In general, Rule 37 differentiates among three results: (1) attorney's fees and costs for objecting to a motion that is granted; (2) attorney's fees and costs for filing a motion that is denied; and, (3) an apportioned sanction for motions that are partially denied and partially granted. FED. R. CIV. P. 37(a)(5)(A)-(C). The language of Rule 37(c)(1), which addresses a party's failure to "provide information or identify a witness as required by Rule 26(a)[,]" does not expressly

9

prohibit a court from sanctioning a party who successfully defends against a Rule 26(a) challenge, but it would seem to go without saying. The Defendants clearly "won" the June 6, 2014 Order, as the Plaintiff's expert designation was deemed non-compliant, and the Plaintiff may have "won" the August 8, 2014 Order, as his June 19, 2014 designation was deemed adequate. Thus, the two orders of June 6, 2014 and August 8, 2014 could fit within the partial victory – partial defeat portion of Rule 37 and the sanction could have been apportioned.

Another way to view this dispute, however, is to determine who was the "overall winner" or "overall loser." *See Caruso v. The Coleman Co.*, 157 F.R.D. 344, 350 (E.D. Pa. 1994). Here, although the Defendants were not successful in excluding the Plaintiff's expert witnesses, they ultimately obtained a Rule 26(a)(2) compliant disclosure from the Plaintiff, the inadequacy of which triggered their motion to begin with.

Furthermore, as there was no intervening motion, both the June 6, 2014 and August 8, 2014 orders flowed from the Defendants' May 27, 2014 motion for sanctions. It was the Magistrate Judge's June 6, 2014 Order that allowed the Plaintiffs to supplement their designations and it was the Magistrate Judge's decision to review the adequacy of those supplemental designations that resulted in the August 8, 2014 Order. There is nothing in the record to indicate that the Defendants filed a new demand for sanctions after the June 19, 2014 supplemental disclosure and therefore the decision to review their adequacy was judge-driven, not attorney-driven. Nor does the record reveal that the adequacy of the June 19, 2014 supplemental

disclosures was ever briefed by the parties or separately argued to the Court. Therefore, the Magistrate Judge issued the August 8, 2014 Order in order to finally resolve the May 27, 2014 motion.[1]

In sum, although the Magistrate Judge would have been justified in apportioning the attorney's fees under Rule 37(a)(5)(C), the Court is not convinced that the decision to impose a sanction for all the Defendants' attorney's fees and costs traceable to the Plaintiff's inadequate expert disclosure amounts to an error of law. Instead, the Plaintiff is protesting his own good fortune: he was allowed until June 19, 2014 to comply with a designation that should have been filed by May 9, 2014. Furthermore, despite this late designation, he was not subjected to any of the more onerous sanctions for failure to timely comply with a court order.[2] FED. R. CIV. P. 37(c)(1)(A)-(C); (b)(2)(A)(i)(vi). At the same time, the lack of significant docket activity on this issue between June 6, 2014 and August 8, 2014 must mean that the

---

[1] The Magistrate Judge could have granted the motion for sanctions on June 6, 2014 and allowed Mr. Goodrich until June 19, 2014 to supplement his designations, placing the onus on the Defendants to file another motion if they thought the supplemental designations were inadequate. If the Magistrate Judge had done so, Mr. Goodrich would have been in an awkward position to challenge the Magistrate Judge's decision to award attorney's fees and costs to the Defendants. Instead the Magistrate Judge elected to defer final ruling on the May 27, 2014 motion, leaving it pending until August 8, 2014.

[2] The Plaintiff also asserts that his failure to comply with the expert disclosure deadlines was harmless. *Pl.'s Objection* at 9 ("Where Plaintiff acted in good faith; Defendants have suffered no prejudice; trial will not be disrupted; and Plaintiff cured the initial deficiency, monetary sanctions are not warranted under the circumstances"). The Defendants disagree. *Defs.' Resp.* at 7. The Court agrees with the Defendants. The Plaintiff's failure to timely comply with the court-ordered expert disclosures resulted in the filing of motions and objections, telephone conferences with the Magistrate Judge, the late disclosure of compliant information, and the issuance of two orders from the Magistrate Judge. The record before the Court does not comport with the examples of harmless discovery lapses in the advisory committee notes accompanying Rule 37. *See* FED. R. CIV. P. 37, advisory committee's note.

Defendants' expenditure of time and costs related to the expert designation issue after June 19, 2014 must be very limited.

## IV. CONCLUSION

The Court OVERRULES the Plaintiff's Objection to Order on Motion for Sanctions (ECF No. 101).

SO ORDERED.

       /s/ John A. Woodcock, Jr.
       JOHN A. WOODCOCK, JR.
       CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2014