UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN GOODRICH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:12-cv-388-JAW |
| | ) |
| MICHAEL L. SHEEHAN, ESQ., et al., | ) |
| | ) |
| Defendants | ) |

### ORDER ON PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS AND FOR SANCTIONS

The plaintiff moves pursuant to Federal Rule of Civil Procedure 37(c) to exclude defense expert Timothy Benoit, Esq., on the ground that the defendants failed to provide a written report signed by Benoit or to set forth a complete statement of his opinions or the bases therefor, as required by Federal Rule of Civil Procedure 26(a)(2). *See* Plaintiff Stephen Goodrich's Motion To Exclude Defendants' Expert Witness and for Sanctions ("Motion") (ECF No. 104) at 8-14. For the reasons that follow, the motion is denied.[1]

### I. Discussion

The plaintiff moves to strike the Benoit designation and for recovery of the plaintiff's reasonable attorney fees incurred in filing the Motion on the bases that the defendants failed to provide either a written report prepared and signed by the witness, as required by Federal Rule of Civil Procedure 26(a)(2)(B), or "a complete statement of all opinions the witness will express and the basis . . . for them[,]" as required by Rule 26(a)(2)(B)(i). Motion at 10-14.

---

[1] During a September 3, 2014, teleconference, and by way of formal notice filed on September 9, 2014, I disclosed to the parties that Benoit was my former partner at the Portland, Maine, law firm of Perkins Thompson. *See* ECF No. 106 at 1; ECF No. 107. I stated that I did not believe this constituted a basis for mandated recusal, but provided the parties 15 days within which to file a motion for my recusal. *See* ECF No. 107. No motion was filed by the deadline of September 24, 2014.

1

With respect to the first point, the defendants correctly note that, during a June 5, 2014, teleconference, I rejected the same argument when advanced by their counsel in connection with their motion to strike the plaintiff's experts. *See* Defendants' Objection to Plaintiff's Motion To Exclude Expert Witness ("Objection") (ECF No. 108) at 3; ECF No. 87 at 2 n.1.

Rule 26(a)(2)(B) provides that, "[u]nless otherwise stipulated or ordered by the court," an expert disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B). The court in this case *has* ordered otherwise, having issued a scheduling order that provides, in relevant part, "All required information may, but need not, be provided in the form of a written report prepared and signed by the expert." ECF No. 10 at 2. The defendants, hence, did not run afoul of Rule 26(a)(2)(B) in tendering an expert designation prepared and signed by their counsel. *See* Defendants' Expert Witness Designation – Timothy P. Benoit, Esq. ("Benoit Designation"), Exh. A (ECF No. 104-1) to Motion.

With respect to the second point, the plaintiff argues that the defendants failed to provide a "complete statement" of Benoit's opinions because they stated that those opinions might change based on Benoit's review of additional discovery, or to supply the "basis" for the opinions that he did express because they omitted "a detailed summary of the factual grounds and documents" upon which he relied. Motion at 11.

In the Benoit Designation, the defendants noted that document discovery was not yet complete at the time of the designation and advised that documents produced by nonparty EVO PowerPay Holdings, LLC ("EVO") might generate additional opinions or additional support for the expressed opinions. *See* Benoit Designation at 4. The plaintiff complains that the defendants "never intimated that they would be unable to serve complete expert disclosures by the August 19,

2014 deadline; and it would be disingenuous at best for Defendants to suggest that Mr. Benoit's disclosure fully complies with Rule 26(a)(2) when it expressly anticipates adding new opinions at a future date based on a further review of documents in their possession." Motion at 11.

In so arguing, the plaintiff alludes to my June 5, 2014, ruling that his initial May 9, 2014, expert disclosures "were inadequate despite several deadline extensions and that, rather than seeking a further deadline extension on or prior to May 9, the plaintiff had chosen to file inadequate disclosures, necessitating the defendants' filing of their motion for sanctions." ECF No. 87 at 3.

However, this situation is materially distinguishable. The plaintiff's May 9, 2014, expert disclosures were wholly facially deficient, essentially setting forth no opinions.[2] By contrast, the defendants set forth Benoit's opinions, merely reserving the right to supplement them based on ongoing discovery. The rules contemplate as much: a party must supplement its expert witness disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). In similar fashion, the plaintiffs' experts, in the June 19 supplemental disclosures that I found satisfied the requirements of Rule 26(a)(2)(B), *see* ECF No. 97 at 3, reserved the right to supplement their disclosures as more information became available during the course of the litigation.

While the defendants did not provide "a detailed summary of the factual grounds and documents" upon which Benoit relied in forming his opinions, Motion at 11, they summarized the

---

[2] The plaintiffs supplemented these disclosures on June 3, 2014. *See* ECF No. 87 at 1-2. I noted that these supplemental disclosures contained more detail than the May 9 disclosures but, "given the volume of documents recently produced to the plaintiff, afforded him one final opportunity to supplement those disclosures." *Id*. at 3. The plaintiff availed himself of that opportunity, submitting June 19, 2014, supplemental disclosures that I ruled complied with the requirements of Rule 26(a)(2)(B). *See* ECF No. 97 at 2-3. I never ruled that the June 3 supplemental disclosures were inadequate.

3

documents that he reviewed and set forth the facts, as Benoit understood them, and basic legal principles upon which he relied in forming the opinions expressed. *See* Benoit Designation at 2-4. This sufficed to comply with the requirements of Rule 26(a)(2). *See, e.g., Roach v. CUNA Mut. Ins. Co.*, 385 Fed. Appx. 2, 5-6 (1st Cir. 2010) ("The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent and to prevent parties from seeking the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion.") (citation and internal quotation marks omitted).

## II. Conclusion

For the foregoing reasons, the Motion is ***DENIED***.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of September, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge